# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PLYMOUTH INDUSTRIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:05CV196** |
| **vs.** | ) | |
| | ) | **ORDER** |
| **SIOUX STEEL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| **PLYMOUTH INDUSTRIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:05CV469** |
| **vs.** | ) | |
| | ) | **ORDER** |
| **SIOUX STEEL COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

This matter is before the magistrate judge pursuant to 28 U.S.C. § 636 and the referral

of Senior Judge Strom on the following motions:

- Plaintiff's Motion for Protective Order
  (Filing 41 in 8:05CV196)

- Defendant's Motion to Compel Deposition of Dennis L. Thomte
  (Filing 45 in 8:05CV196; Filing 29 in 8:05CV469)

Having carefully considered the materials submitted by the parties, I find that the Motion for

Protective Order should be denied and that the defendant should be allowed to depose Mr.

Thomte as requested.

# BACKGROUND

Dennis L. Thomte represents the plaintiff, Plymouth Industries, LLC ("Plymouth") in the above-captioned patent infringement cases.  In Case No. 8:05CV196, Plymouth alleges that Sioux Steel Company ("Sioux Steel") is liable for infringing Plymouth's U.S. Patents Nos. 6,672,247 (the "'247 patent") issued January 6, 2004, and 6,789,505 (the "'505 patent") issued September 14, 2004, both entitled "HAY SAVER INSERT."  In Case No. 8:05CV469 Plymouth alleges that Sioux Steel is liable for infringing Plymouth's U.S. Patent No. 6,951,189 (the "'189 patent") issued October 4, 2005, and also entitled "HAY SAVER INSERT."

Sioux Steel denies all allegations of infringement and contends the three patents are invalid for failure to meet the statutory and decisional requirements for patentability.  In its counterclaims, Sioux Steel seeks declaratory judgments of non-infringement, invalidity and unenforceability as to all patents at issue.

The parties' Rule 26(f) planning report filed in 8:05CV196 clarifies Sioux Steel's contentions that Plymouth's '247 patent was allowed on the basis that the prior art failed to disclose an existing livestock feeder with a removable insert.  The allegedly missing prior art teaching was, therefore, not considered by the Patent Office during the prosecution of the '247 patent.

In 8:05CV469, Sioux Steel affirmatively alleges in its answer that each claim of the '189 patent is unenforceable due to the inequitable conduct[1] of Plymouth before the U.S. Patent and

---

[1] The law requires patent applicants before the United States Patent & Trademark Office ("USPTO") "to prosecute patent applications with candor, good faith, and honesty.  *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995)." *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 773 (N.D.

Trademark Office in failing to disclose "information material to the patentability of the 189 patent, including U.S. Patent No. D451,649, the Hay-Mizer® feeder manufactured and sold by David Lovell of Pella, IA, and/or Hay and Grain Feeders in combination Hay Saver Inserts manufactured and sold by Townsend's Sales, Inc. of Trafalgar, IN, to the Examiner with an intent to mislead the Examiner into issuing the 189 patent."

In 8:05CV469, by counterclaim, Sioux Steel alleges that during the prosecution of the '189 patent, Plymouth, through its attorney, Dennis L. Thomte, was advised of U.S. Patent No. D451,649, issued to David C. Lovell of Pella, IA (the "Lovell patent") and the Hay-Mizer® feeder manufactured and sold by Lovell (the "Hay-Mizer feeder").  Mr. Thomte's former law firm (Zarley, McKee, Thomte, Voorhees & Sease) prosecuted the Lovell patent, which was filed in 2001.  According to Sioux Steel, the Lovell patent and the Hay-Mizer feeder are material to the patentability of Plymouth's '189 patent.  Sioux Steel further alleges, by counterclaim, that Mr. Thomte was also advised of the Hay and Grain Feeders in combination Hay Saver Inserts manufactured and sold by Townsend's Sales, Inc. of Trafalgar, IN (collectively the "Townsend Feeders and Inserts"). The Townsend Feeders and Inserts are also material to the patentability of the '189 patent; however, in prosecuting the '189 patent, Plymouth failed to disclose the Townsend Hay Feeders and Inserts to the Examiner "with an intent to mislead the Examiner into issuing the 189 patent."

---

Ill. 2005).  "A breach of the duty of candor may constitute inequitable conduct....  Inequitable conduct can arise from a failure to disclose information that is material to patentability, along with an intent to deceive or mislead the USPTO." *Id.* at 774 (citing *Bruno Independent Living Aids, Inc. v. Acorn Mobility Serv., Ltd.*, 394 F.3d 1348, 1351 (Fed. Cir. 2005)).

Plymouth admits that in prosecuting the '189 patent Plymouth and/or one or more of its agents were under a duty of disclosure to the Patent Office, but denies that the failure to disclose U.S. Patent No. D451,649 and the Hay-Mizer feeder to the Examiner was with the intent to mislead the Examiner into issuing the '189 patent.

Sioux Steel now wishes to depose Plymouth's attorney, Mr. Thomte, regarding his mental impressions during the prosecution of Plymouth's '189 Patent because Mr. Thomte was allegedly aware of at least three pieces of prior art that are material to the patentability of the '189 Patent but did not disclose the prior art to the Patent Office.

Mr. Thomte refused defense counsel's request to schedule his deposition and seeks a protective order prohibiting his deposition.  He contends the information sought is protected by the attorney-client privilege.  He further argues that his deposition is unnecessary because he has, by correspondence, provided an explanation that he was unaware of the existence of the Lovell patent because a different office of his former law firm handled the work on the Lovell patent, which was issued about 27 days before Thomte left the Zarley, McKee firm.  He has, by correspondence to opposing counsel, conveyed his mental impressions concerning the products sold by Townsend's Sales and other products alleged by the defendant to be prior art.

## DISCUSSION

Within the Eighth Circuit[2], the leading case on deposing the trial counsel of an adverse

---

[2]The law of the regional circuit, not the Federal Circuit, applies to procedural issues not unique to patent law.  *aaiPharma, Inc. v. Kremers Urban Development Co.*, 361 F. Supp. 2d at 773 n.1 (citing *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1358 (Fed. Cir. 2005). *See also Genal Strap, Inc. v. Dar*, Case No. CV2004-1691, 2006 WL 525794 at *1, n.1 (E.D.N.Y., March 3, 2006).

party has been *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).  In *Shelton*,

the Court of Appeals

> cautioned against the potential problems caused by deposing opposing counsel
> and developed a three-prong test that a party must satisfy in order to depose the
> opposition's attorney.  *See* [*Shelton*, 805 F.2d] at 1327.  A party must show that
> "(1) no other means exist to obtain the information than to depose opposing
> counsel, (2) the information sought is relevant and nonprivileged, and (3) the
> information is crucial to the preparation of the case."  *Id.* This difficult burden
> imposed by *Shelton* was intended to guard against the "harassing practice of
> deposing opposing counsel ... that does nothing for the administration of justice
> but rather prolongs and increases the costs of litigation, demeans the profession,
> and constitutes an abuse of the discovery process."  *Id.* at 1330.

*Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729-30 (8th Cir. 2002).   The court

subsequently explained in *Pamida v. E.S. Originals* that its decision in *Shelton* was intended "to

protect against the ills of deposing opposing counsel in a pending case which could potentially

lead to the disclosure of the attorney's litigation strategy....  Because this abuse of the discovery

process had become an ever increasing practice, this Court erected the *Shelton* test as a barrier

to protect trial attorneys from these depositions."  281 F.3d at 730.

> But *Shelton* was not intended to provide heightened protection to attorneys who
> represented a client in a completed case and then also happened to represent that
> same client in a pending case where the information known only by the attorneys
> regarding the prior concluded case was crucial. In such circumstances, the
> protection *Shelton* provides to opposing counsel only applies because opposing
> counsel is counsel in the instant case and not because opposing counsel had
> represented the client in the concluded case.

*Id*.  Other courts have acknowledged the Eighth Circuit's limitation of the *Shelton* rule.  For

example, in *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d at 775, the district

court noted:

the Eighth Circuit has limited *Shelton* to the depositions of trial counsel regarding their knowledge about the particular case in which they served as trial counsel. *Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726, 730 (8th Cir. 2002) (holding that the *Shelton* rule does not apply to depositions of attorneys about matters separate from the matter in which the attorney is serving as trial counsel).... This reasoning is particularly compelling here, where Defendants seek discovery from MBHB [plaintiff's trial counsel] about MBHB's representation of [plaintiff] regarding the prosecution of the patents in suit, and not about the underlying litigation. *Indeed, it would be unfair to accused patent infringers if patentees could shield potentially harmful discovery related to their knowledge of prior art merely by using their prosecution counsel, or patentability opinion counsel, as trial counsel.*

(Emphasis added).  *See also United States v. Philip Morris, Inc.*, 209 F.R.D. 13, 17 (D.D.C.

2002): "*Pamida* makes clear that the three *Shelton* criteria apply to limit deposition questions of

attorneys in only two instances:  (1) when trial and/or litigation counsel are being deposed, and

(2) when such questioning would expose litigation strategy in the pending case."

In this case, Mr. Thomte prosecuted the three patents at issue and his client, Plymouth,

accuses Sioux Steel of infringement.  Sioux Steel, in turn, alleges as an affirmative defense and

by counterclaim that Plymouth's '189 patent is unenforceable because it was procured by fraud

or inequitable conduct.  As the court cogently explained in *Genal Strap, Inc. v. Dar*, Case No.

CV2004-1691, 2006 WL 525794 at *2 (E.D.N.Y., March 3 , 2006),

A patent is unenforceable for inequitable conduct if, during prosecution of the patent, the applicant withheld material information from the Patent Office or submitted false information with intent to deceive or mislead the examiner into granting the patent. *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1326 (Fed. Cir. 2000); *LaBounty Mfg., Inc. v. U.S. Intern. Trade Com'n*, 958 F.2d 1066, 1070 (Fed. Cir. 1992). "An equitable judgment must be made that, in light of all the particular circumstances, the conduct of the patentee is so culpable that its patent should not be enforced." *Labounty Mfg.*, 958 F.2d at 1070; *Consolidated Aluminum Corp. v. Foseco Intern., Ltd.*, 910 F.2d 804 (Fed. Cir. 1990). In determining inequitable conduct, the knowledge and actions of a patent

-6-

applicant's attorney are chargeable to the applicant. *See Novo Nordisk Pharm., Inc. v. Bio-Technology General Corp.*, 424 F.3d 1347, 1361 (Fed. Cir. 2005); *Elk Corp. of Dallas v. GAF Building Materials Corp.*, 168 F.3d 28, 30 (Fed. Cir. 1999); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995); 37 C.F.R. § 1.56 (duty to disclose material information extends to attorney who prepares or prosecutes application).

Accordingly, courts have permitted the deposition of patent prosecution counsel who is also serving as trial counsel where the knowledge of counsel was pertinent to a defense raised of inequitable conduct. *See aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770 (N.D. Ill. 2005); *Alcon Laboratories, Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340 (S.D.N.Y. 2002); *Amicus Comms. v. Hewlett-Packard Co., Inc.*, No. 99-0284, 1999 WL 33117227, at *2 (D.D.C. 1999); *Environ Prods. Inc. v. Total Containment Inc.*, 41 U.S.P.Q.2d 1302 (E.D. Pa. 1996); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 249 (D. Kan. 1995); *Hay & Forage Industries v. Ford New Holland*, 132 F.R.D. 687 (D. Kan.1990); *see also ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2004 WL 1627170, at *3-*5 (S.D.N.Y. July 21, 2004) (quashing subpoena served on patent prosecution and trial counsel because no defense of inequitable conduct was asserted). Those courts have recognized that "the prosecuting attorney's mental impressions are crucial to any claim of inequitable conduct in a patent infringement action." *Alcon*, 225 F. Supp. 2d at 344; *see Environ Prods.*, 41 U.S.P.Q.2d at 1306 ("The affirmative defense of inequitable conduct makes [the attorney's] mental impressions during the reexamination proceedings an issue in this litigation"); *see also aaiPharma*, 361 F. Supp. 2d at 774 n.3 (discovery from attorneys involved in prosecution of patents in suit is directly relevant to inequitable conduct); *ResQnet.com*, 2004 WL 1627170, at *6; *Amicus Commc'n*, 1999 WL 33117227, at *1; *Hay & Forage*, 132 F.R.D. at 690.

Because of his role in the prosecution of Plymouth's patents, I am persuaded that Mr. Thomte's deposition is crucial to Sioux Steel's inequitable conduct defense. As to issues related to the attorney-client privilege and the work-product doctrine, I concur with the court's assessment in *Genal Strap, Inc. v. Dar* that

"work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection" because it is not created "in anticipation of litigation." *Amicus Commc'n*, 1999 WL 33117227,

at *2; *In re Minebea Co., Ltd.,* 143 F.R.D. 494, 499 (S.D.N.Y. 1992); *see Stryker Corp. v. Intermedics Orthopedics, Inc.,* 145 F.R.D. 298, 302 (E.D.N.Y. 1992). Thus, [counsel's] mental impressions are discoverable unless he can demonstrate that the work he performed was also performed in anticipation of litigation. Moreover, confidential communication between lawyer and client are only privileged if made for the purpose of obtaining legal advice. *Fisher v. United States,* 425 U.S. 391, 403 (1976). Communications of "technical information" between client and attorney for the purpose of submission to the Patent Office are not privileged. *In re Minebea,* 143 F.R.D. at 502. Further, underlying facts do not become privileged simply because they were transmitted from client to attorney. *See Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981). Any knowledge [counsel] gained from reviewing documents created by the unnamed inventors would not be privileged even if those documents were transmitted to him by his client.

*Genal Strap, Inc. v. Dar*, 2006 WL 525794 at *3.

The court recognizes that depositions of trial counsel, although not prohibited under the Federal Rules of Civil Procedure, are strongly disfavored. That said, the prosecuting attorney's mental impressions "are crucial to any claim of inequitable conduct in a patent infringement action." *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002). In this case, Mr. Thomte is the most significant source, and possibly the only source, for the information Sioux Steel seeks because of his role in the prosecution of the Plymouth patents. The discovery cannot be obtained by interrogatory because Mr. Thomte is not a party to this action. *See* Fed. R. Civ. P. 33. While it is apparent that some information has been provided by letter, letters among counsel do not have the same evidentiary value as information provided under oath, e.g., by answering interrogatories or by deposition.

Considering all the circumstances, I find that all of the original *Shelton* factors have been satisfied and, in the alternative, that the deposition is permissible under *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729-30 (8th Cir. 2002).

**IT THEREFORE IS ORDERED:**

1.   Plaintiff's Motion for Protective Order (Filing 41 in 8:05CV196) is denied.

2.   Defendant's Motion to Compel Deposition of Dennis L. Thomte (Filing 45 in 8:05CV196; Filing 29 in 8:05CV469) is granted.  Sioux Steel may depose Dennis L. Thomte regarding his mental impressions during the prosecution of Plymouth's '189 Patent, said deposition to convene at a time and place mutually convenient to all counsel.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.**  *See* NECivR 72.2(d).

**DATED March 17, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**