IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PLYMOUTH INDUSTRIES, LLC, <br> a Nebraska Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> SIOUX STEEL COMPANY, <br> a South Dakota Corporation, <br><br> Defendant. | 8:05CV196 <br> 8:05CV469 <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to the motion of the parties (Filing No. 57 in 8:05CV196; Filing No. 39 in 8:05CV469) and subject to the approval of this Court, plaintiff, Plymouth Industries, LLC, and defendant, Sioux Steel Company, hereby stipulate to the following Stipulated Protective Order in this action:

The Court, having determined that it is appropriate to enter a Protective Order to protect confidential information produced or disclosed during discovery and trial, hereby orders as follows:

**IT IS ORDERED:**

The motion of the parties for a Protective Order is granted.

**IT IS FURTHER ORDERED:**

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). "CONFIDENTIAL MATERIAL" may include, but shall not be

limited to, technical information such as product design and manufacturing techniques or processing information, trade secrets, formulae, research and development information, customer lists, sales, cost, pricing, and marketing information (whether actual or projected); information that a party has treated as confidential and not subject to public disclosure; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as Confidential pursuant to Rule 26 of the Federal Rules of Civil Procedure or any other applicable legal standard.

2. "CONFIDENTIAL MATERIAL" includes information in oral, electronic or written form or embodied in-physical samples of materials or things, the disclosure of which is likely to have the effect of harming the competitive position of the party from which the information was obtained or the disclosure of which would be violative of an obligation of confidentiality to a third person, including another court. No item shall be deemed CONFIDENTIAL MATERIAL if it

    a) was known to the receiving party without obligation of confidentiality to the producing party prior to disclosure by the producing party, as evidenced by the receiving party's written records;

    b) is subsequently disclosed to the receiving party by a third party having no obligation of confidentiality to the producing party with respect to such information;

   c) is independently developed by employee(s) of the receiving party who had no access to such information before such development; or

   d) is published or becomes generally known to the public through means not constituting a breach of this Order.

  3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for purposes of this litigation. Use for purposes of this litigation shall include, *inter alia,* use in testimony, trial exhibits, motions, depositions, expert reports or witness preparation, subject to the restrictions of this Order, but shall not include, *inter alia,* use for or in connection with the research, patent prosecution or filing, development, manufacture, sale or marketing of any product or process.

  4. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel for a party (including the paralegal, clerical, secretarial, and other staff employed by such counsel), except individuals who prepare or prosecute patent applications concerning the subject matter of the patents-in-suit during the pendency of this action, and to the "qualified persons" designated below:

    (a)    Independent experts or consultants (together with their clerical staff) retained by such outside counsel to assist in the prosecution, defense, or settlement of this action;

    (b)    Court reporters employed by any party in this action;

    (c)    Judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and

    (d)    Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" defined in subparagraphs (b) and (e) above shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each party.

5.    Depositions shall be taken only in the presence of qualified persons, as defined in Paragraph 4 above, except as further limited by Paragraph 7 below.

6.    If a producing party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, that party need not label as confidential the documents and things in advance of that inspection. For purposes of the inspection, all documents within the produced files will be considered as having been preliminarily marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY". During the inspection at the producing party's premises, the inspecting party shall select specific documents or groups of documents for copying by a professional copy service at the inspecting party's own expense. After receiving the copies of the selected

documents from the copy service, the producing party shall have seven (7) calendar days to review and mark the copies as Confidential Material, as appropriate, and thereafter produce those copies to the inspecting party within the above-stated seven-day period. Documents selected for production by the inspecting party must be produced by the producing party within the seven-day review period, or must be otherwise identified on an accompanying privilege log.

      7.     Any oral, electronic or written information or things produced at any time in this litigation, either voluntarily, pursuant to a discovery request or pursuant to court order, which is asserted by the producing party to contain or constitute CONFIDENTIAL MATERIAL, shall be protected as follows.

          a)     Documents and things containing CONFIDENTIAL MATERIAL shall be clearly and prominently marked on their face by the placement of an appropriate stamp, sticker or other indicia with the legend: "CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY," or words to that effect. Anything which cannot be so marked on its face shall be marked by placing this legend on a container or package in which the thing is produced or a tag attached thereto.

          b)     If such CONFIDENTIAL MATERIAL is contained in a deposition transcript, trial transcript or other transcript of testimony, the transcript may be designated as containing CONFIDENTIAL MATERIAL in accordance with this Order by notifying the other

party on the record at the time of the testimony or in writing, within thirty (30) calendar days of receipt of the transcript, of the specific pages and lines of the transcript which contain CONFIDENTIAL MATERIAL. All deposition transcripts, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing CONFIDENTIAL MATERIAL and subject to this Protective Order until a time thirty (30) days after a transcript of the deposition is received or until receipt of written notification of the specific pages and lines of the transcript that constitute CONFIDENTIAL MATERIAL, whichever is sooner. The parties may also designate the entire deposition testimony of a witness as containing CONFIDENTIAL MATERIAL. If no such designation is made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall not be deemed to contain CONFIDENTIAL MATERIAL.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material legally and properly obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. Further, nothing herein shall preclude a party from having Confidential Material copied, reproduced, or adapted by an outside professional copying, reproduction, or

demonstrative exhibit preparation service, provided that the party using such a service takes all steps reasonably available to protect the confidentiality of such material.

9. If CONFIDENTIAL MATERIAL, including any portion of a deposition transcript designated as CONFIDENTIAL MATERIAL, is included in any papers to be filed with the Court, such papers shall be labeled "CONFIDENTIAL-FILED UNDER SEAL PURSUANT TO COURT ORDER" and filed under seal (in a manner in accordance with the Court's Local Rules) until further order of the Court.

10. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of information that has been previously designated as confidential. If counsel cannot reach an agreement, the party seeking to protect the confidentiality of information shall apply to the Court for resolution of the issue.

11. Designation of documents or other specified information as Confidential Material by either party, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such. A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made. Subject to Paragraph 12 below, this Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is or is not confidential or whether its use should or should not be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a

separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

12. If any party to the action disagrees at any stage of the proceedings with a confidentiality designation, the parties shall first attempt to resolve any such dispute in good faith on an informal basis:

> (a) The party challenging the designation shall provide to the producing party written notice of the disagreement, specifically identifying the Confidential Material in dispute and articulating the challenging party's basis for its challenge of the confidentiality designation;
>
> (b) The producing party shall respond in writing to the challenging party's notice within ten (10) calendar days, articulating the basis for the producing party's designation with sufficient particularity to enable the challenging party to move the Court for permission to disclose the Confidential Material; and
>
> (c) If the dispute cannot be resolved between the parties without intervention from the Court, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of Confidential Information, the information, documents or things shall retain the prior designation as "Confidential." In connection with any of such motion, however, the Disclosing Party shall bear the

burden of persuading the Court that there is a good-faith basis for contending that the information, documents or things are properly designated as "Confidential" and for opposing any modification of such designation or this Protective Order.

13. No information shall be disclosed to a person not authorized to receive it under this Order until the parties shall have first so agreed in writing, or the Court shall have so ruled. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission by either party, or of altering the confidentiality or nonconfidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

15. Third parties may invoke all of the provisions of this Order that are available to the parties. This provision does not abridge a third party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the third party's own motion or on a motion brought on its behalf by an objecting party. The party seeking production from a third party who may possess Confidential Material of the other party shall have the duty to provide a copy of this

Order to that third party prior to any production from that witness. The party seeking production shall also have the duty to inform that third party of its rights under this Order and its ability to designate any material it produces as Confidential Material. In addition, the parties shall treat the Confidential Material of third parties in accordance with the terms of this Order.

16. The inadvertent disclosure by the producing party of information that is privileged or otherwise immune or protected under the law from production will not be deemed a waiver in whole or in part of attorney-client privilege, attorney work product immunity or other ground of immunity from discovery, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon written notice by the producing party within sixty (60) days of producing the information, the receiving party(ies) shall promptly return the originals and all copies of the documents or thing containing the allegedly privileged or immune information. If the receiving party disagrees that the information is protected from disclosure by the attorney-client privilege, work product immunity or other immunity from discovery, it may move the Court for an order that such information be produced, in which case, the party claiming the privilege or immunity, shall have the burden of proving that such privilege or immunity exists.

17. If any authority subpoenas or orders production of CONFIDENTIAL MATERIAL that a party has obtained under the terms of this Order, such party shall promptly notify the Producing Party of the pendency of the subpoena or order and shall

not produce the information until the Producing Party has had reasonable time to object or take other appropriate steps to protect the information.

18. If CONFIDENTIAL MATERIAL is covered by a confidentiality obligation to a third party, the party possessing such information shall identify the information with sufficient particularity as to enable the receiving parties to understand the subject of such information and the identity of said third party, and shall seek permission from the third party to produce such information. If the third party refuses to consent to production of this information, the receiving party may request an order from this Court or other court having appropriate jurisdiction compelling such production. For purposes of this paragraph, "third party" shall not include another party to this litigation or any parent, subsidiary, division or affiliate of a party.

19. This Order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made hereafter by any party.

20. This Order shall survive the final termination of this action and extend through any appeal, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

21. Upon the completion of this litigation, the ultimate disposition of CONFIDENTIAL MATERIAL shall be subject to a final order of the Court. In the absence of such an order, each party that is subject to this Protective Order shall, within

sixty (60) days after the conclusion of this litigation, including all appeals counsel for the parties (including the paralegal, clerical, secretarial, and other staff employed by such counsel) shall assemble and return to each other all documents, materials and deposition transcripts designated as Confidential Material, and all copies of same, or, shall certify the destruction thereof.  Outside counsel for each party, however, may retain for archival purposes only one (1) set of all court filings, discovery requests, discovery responses, deposition transcripts and exhibits thereto, trial exhibits, a copy of the record on appeal, and attorney correspondence which may contain the other party's Confidential Material provided that any Confidential Material shall remain subject to the provisions of this Protective Order.

     22.   Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product.

     23.   When any attorney of record in this action becomes aware of any violation of this Order, such attorney shall promptly report to the Producing Party that there has been a violation of this Order.

     DATED this 24th day of April, 2006.

                                BY THE COURT:

                                /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, District Judge
                              United States District Court

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| PLYMOUTH INDUSTRIES, LLC, a Nebraska Limited Liability Company, Plaintiff, | SIOUX STEEL COMPANY, a South Dakota Corporation, Defendant |

By  /s/ Dennis L. Thomte                      By  /s/ Robert A. Surrette

   Dennis L. Thomte, #14196          Kirk A. Vander Leest (*pro hac vice*)
   Shane M. Niebergall, #21311      Robert A. Surrette (*pro hac vice*)
   THOMTE, MAZOUR & NIEBERGALL  McANDREWS, HELD & MALLOY
   2120 South 72nd Street, Suite 1111   500 West Madison Street, Suite 3400
   Omaha, Nebraska  68124            Chicago, Ilinois 60661
   (402) 392-2280                      (312) 775-8000

   Attorneys for Plaintiff

                                       Timothy J. Thalken (#22173)
                                       FRASER STRYKER LAW FIRM
                                       500 Energy Plaza
                                       409 South 17th Street
                                       Omaha, Nebraska 68102
                                       (402) 978-5285

                                       Attorneys for Defendant

-14-

Attachment A

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear and agree that I am fully familiar with the terms of the Protective Order entered in Plymouth Industries, LLC vs. Sioux Steel Company in the United States District Court for the District of Nebraska, Civil Action No. 8:05CV196, a copy of which has been provided to me, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court.  Further, to the extent I receive Confidential Material in connection with this litigation, including the information contained therein, I agree that I will hold that material and information in confidence in accordance with the terms of the Order.  I understand that I am to retain all copies of the materials that I receive that have been designated as Confidential Material in a container, cabinet, drawer, room, or other safe place in a matter consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed: _____   Dated:_____